# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 2:13MJ029 |
| Christopher Michael Bour | ) | |
| *Defendant* | ) | |

FILED
FEB 15 2013
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  1/01/2011-2/14/2013  in the county of  Lake  in the  Northern  District of Indiana, the defendant violated  18  U. S. C. §  2252(a)(2) , an offense described as follows:

He did knowingly receive any visual depiction using any means and facility of interstate and foreign commerce where the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

This criminal complaint is based on these facts:

See attached affidavit.

X  Continued on the attached sheet.

*Complainant's signature*

Matthew W. Chicantek, Special Agent; FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  Feb 15, 2013

s/Andrew P. Rodovich
*Judge's signature*

City and state:  Hammond, Indiana

Andrew P. Rodovich
*Printed name and title*

## AFFIDAVIT

I, Matthew W. Chicantek, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), being duly sworn, hereby depose and state as follows:

1.      I have been employed as a Special Agent of the FBI since March 2010. I am currently assigned to the Merrillville Resident Agency (RA). While employed by the FBI, I have investigated federal criminal violations related to crimes against persons, narcotics possession and distribution, and gang activity. Prior to joining the FBI, I was employed as a Special Agent with the United States Secret Service (USSS) for approximately four years. While employed with the USSS, I received extensive training in the seizing and examination of computers and related electronic media as a member of the Electronic Crimes Special Agent Program (ECSAP). In addition to the training I received, I participated in numerous state wide child pornography investigations. Additionally, I was previously employed as a Detective in the Crimes Against Children Unit of the Cobb County Police Department, Cobb County, GA. While I was a Crimes Against Children Detective, I investigated cases involving the sexual and physical abuse of children, as well as cases involving the possession of child pornography.

2.      I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered to investigate and make arrests for violations of U.S. criminal laws.

3.      What follows are the facts that I believe are necessary to establish probable cause for the issuance of a criminal complaint alleging that between on or about January 1, 2011 and February 14, 2013, Christopher M. Bour violated Title 18, United States Code, Section 2252(a)(2) by knowingly receiving any visual depiction using any means or facility of interstate or foreign commerce where the production of the visual depiction involved the use of an actual minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

4.      The facts set forth herein are either personally known to me or have been told to me directly by law enforcement officers and others with whom I have worked on

1

this investigation. I have not included in this affidavit each and every fact known to me concerning this investigation.

## Statutory Authority

5. This investigation concerns alleged violations of 18 Title U.S.C. § and 2252, relating to material involving the sexual exploitation of minors.

6. 18 U.S.C. § 2252(a)(2) prohibits knowingly receiving any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means, including by computer, where the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

7. Title 18, United States Code, Section 2256(2)(A) defines "sexually explicit conduct" as "actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

8. The Seventh Circuit has adopted a six-factor test for determining whether an image qualifies as a "lascivious exhibition of the genitals or pubic area of any person." *See United States v. Moore*, 215 F.3d 681, 686 (7th Cir. 2000). The six factors, originally set forth in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), are: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. No one factor is determinative, but not

2

all factors need be satisfied in finding a depiction to be lascivious. *Dost*, 636 F. Supp. at 832.

9. "Minor" means any person under the age of 18 years. *See* 18 U.S.C. § 2256(1).

### SUMMARY OF THE INVESTIGATION TO DATE

10. On February 13, 2013, an adult female (hereafter referred to as "the complainant") contacted the Federal Bureau of Investigation (FBI) to report the possible sexual exploitation of a minor and the prior possession of child pornography by an acquaintance. According to the complainant, earlier on February 13, 2013, her acquaintance, whom she identified as Cris Bour, sent her text messages reading:

- "U wanna watch me play with a baby tomorrow a real one ;)"
- "I get a chance once in a while I was just seeing if u would hold the camera"
- "Ill just be tasting her and nuttin in her mouth"
- "I might piss on her when im done"

11. The complainant said she has known Bour for approximately 7 months. Her relationship with Bour began when he came into the massage parlor she previously owned. After approximately four (4) or five (5) massages, Bour began to talk with the complainant about his sexual interest in children and animals. According to the complainant, during one massage in particular, Bour told her to visit the websites "PTHC" and "animal love" when she went home. Later that same day, Bour sent a text message to the complainant asking if she visited the aforementioned sites. When she said she did look up the web sites, Bour said, "LOL don't judge me" and "don't knock it until you tried it".

12. According to the complainant, when she was forced to close her massage parlor between October and November 2012, she began doing house calls. The first time she went to Bour's house, he was living in the Miller section of Gary, Indiana. She remembers Bour had music playing from a silver/grey laptop during the massage. The second house call she made for Bour was at a house off Ridge Road in Gary, Indiana. When she arrived at the house, child pornography movies were playing on the previously described laptop. The complainant described the movies as follows:

3

- One movie depicted a male child approximately four (4) years of age with the penis of an adult male in his mouth. Additionally, the adult male was using his hands to instruct the child what to do.
- Another movie showed an adult female performing oral sex on a female child approximately 9-10 years of age. As the video continued, an adult male is seen sitting in a chair nude with an erect penis. The adult female then assists the girl in sitting on the erect penis of the adult male. (According to the complainant, Bour said that the adults were the parents of the child depicted in the video.)
- A third movie depicted a female child approximately four (4) years of age performing oral sex on an adult male. (As in the video before, Bour told the complainant that the male depicted in the video was the father of the child.)

According to the complainant, the aforementioned videos played for approximately 15 minutes before Bour turned them off.

13. According to the complainant, approximately three (3) weeks ago she made her last house call for Bour, this time at 5190 Indiana Place, Gary, Indiana. The complainant said Bour renovates houses and lives in them while doing so. Bour told her he would be living in this house until spring. Prior to arriving at his house, the complainant said she received a text message from Bour stating, "do you wanna watch anymore of those movies". The complainant said she declined the offer.

### INDIANAPOLIS DIVISION INVESTIGATION OF CHRIS BOUR

14. After interviewing the complainant, the Indianapolis Division of the FBI began its own investigation into Chris Bour.

15. On February 13, 2013, I received consent from the complainant to assume her identity and resume her earlier text message conversation with Bour. The following text conversation ensued:

Me: "Sorry I took so long had a lot of appointments"

Bour: "Good for u"

4

Me:     "Masturbate about what"

Bour:  "The stuff we do or talk about"

Me:     "Details please you know I like details"

Bour:  "Huh? On what"

Me:     "What you were talking about earlier"

Bour:  "Ask what do u want to know"

Me:     "What do you want me to do tomorrow"

Bour:  "Video me playing with that little one"

Bour:  "Making out with her sucking on her pussy and cumming in her mouth and humping her"

Bour:  "And when im done im gonna put her in my tub and piss on her"

Me:     "Tempting do you trust the mom I don't wanna get in trouble"

Bour:  "Yeah ive done it several times its cool she not coming just so u know u turned on by it?"

Me:     "You filmed it before why haven't you shown it to me"

Bour:  "No not that"

Bour:  "Mom says i could have her ass but got to go slow"

Me:     "Wow does she like it how old"

Bour:  "1.5"

Me:     "So what sometime after my 4:00 appointment"

Bour:  "Started at 4 months"

Me:     "Do I need to bring a camera or computer to record to"

Bour:  "Probably"

Bour:  "I have one but if its not gonna be something u wanna see and be turned by then dont come cause i dont want it to b weird"

Bour:  "Its the best sex i ever had"

Me:     "I wouldn't be asking the questions if I didn't want to come"

5

Bour: "U could taste too"

Me: "If you would like it"

Bour: "To see u taste it heck yes"

Bour: "Shes a great kisser too"

Me: "It's getting better do you still have those movies from before maybe we could watch"

Bour: "I dont i always get rid of them. whats getting better?"

Me: "Bummer I wanted to watch tomorrow. This girl!"

Bour: "Oh u r gonna love it i think i wont last long are u gonna play too"

Me: "Will you show me what to do. Send me some pics of what we are gonna do so I can practice. Lol"

Bour: "I dont have anything but if i nut inside her will u lick it out of her and kiss her?"

Me: "Do I have to do everything LOL. What were those websites you told me about before"

Bour: "Try lolliwood studios for stories i'm driving back from mardi gras so i wont be till 1 tonight"

Bour: "Its legal to read LOL"

Me: "Fun. If you have time when you get home find me something good and send it to me."

Me: "I will be in touch"

Bour: "Be i touch!?"

Me: "What"

Bour: "Nothing lol let me know ok"

Me: "Ok"

16. On February 13, 2013, a search of a law enforcement database, which can be

searched via the Internet, was conducted for Chris Bour. The results showed an individual with the full name of Christopher M. Bour, and a social security account number of xxx-xx-3017. (The first five numbers of the social security account number have been redacted for the purposes of this affidavit.)

17. Indiana Bureau of Motor Vehicle (BMV) records indicate Chris Bour's date of birth as XX/XX/1973. (The month and day of the date of birth has been redacted for the purposes of this affidavit.) Additionally, the BMV checks listed 5190 Indiana Place, Gary, Indiana as Bour's address.

18. On February 14, 2013 at approximately 9:00a.m. CST, Task Force Officer (TFO) Francisco Carrillo conducted physical surveillance of 5190 Indiana Place, Gary, Indiana. Parked in front of the residence was a 2000 Dodge Ram pickup truck bearing Indiana registration VCO768. The truck returned registered to Christopher Bour at 5190 Indiana Place, Gary, Indiana. Also parked in front of the residence was a 2012 Mitsubishi convertible bearing Illinois registration P239608. The car returned registered to EAN Holdings, LLC, a car rental company. Contact with the rental company revealed that the vehicle had been rented by Chris Bour for the stated purpose of driving to Mardi Gras.

19. On February 14, 2013, a Federal Search Warrant authorized by United States Magistrate Judge Andrew P. Rodovich was executed at 5190 Indiana Place, Gary, Indiana, which is within the Northern District of Indiana. The premises was processed and searched. Located in the premises were a Toshiba laptop computer, three cellular telephones, several DVD videos, and several VHS tapes.

20. Bour was present at his residence when the search warrant was executed and agreed to speak with investigators. I read Bour his Miranda Rights per the FBI Advice of Rights Form, FD-395, at approximately 5:03 p.m. and he signed it at approximately 5:05 p.m. Thereafter, Bour told me that he became interested in child pornography approximately two (2) years earlier. Although he could not be sure how many files containing child pornography he has downloaded, Bour said it was probably less than 100.

Bour said it was his understanding that child pornography depicted minors under the age of 16. At this point in the interview, Bour said he knew he was in trouble and said he would like to have an attorney present. The questioning of Bour stopped at that point.

21. At approximately 7:20 p.m., I approached Bour to ask him for a telephone number for his brother so that I could contact his brother to arrange for the pick-up of Bour's dog. After Bour identified where his brother's telephone number could be found, he said he wanted to continue speaking with me. I advised Bour that he was under no obligation to speak with me and that his decision to do so must be completely voluntary. Bour reiterated his desire to speak with me.

22. At approximately 7:33 p.m., I read Bour his Miranda Rights per the FBI Advice of Rights Form, FD-395, and at approximately 7:34 p.m. he signed the aforementioned form. FBI SA Nathan D. Houpt witnessed Bour's waiver. I then thoroughly explained to Bour that the conversation was completely voluntary on his part. Furthermore, I told Bour that whenever he wished he could terminate the conversation.

23. As he stated in the previous interview, again Bour said he began viewing child pornography approximately two (2) years earlier. According to Bour, he discovered child pornography while searching for adult pornography online. Following this first exposure to child pornography, Bour stated that he began to search for and download child pornography using the peer-to-peer file-sharing software Limewire, which had downloaded for free on his computer. Bour said he was able to search for child pornography on Limewire by entering specific search terms, such as "PTHC" or "PTSC".[1] Bour said when Limewire was finished searching for files related to the search terms he entered, he would usually pick two (2) files to download. Additionally, Bour explained he did not choose a location for the files to be downloaded to, he assumed Limewire chose. Bour said that periodically, meaning every 2-3 months, he would delete the child pornography files he had downloaded.

---

[1] Based on my training and experience, PTHC stands for preteen hard core and PTSC stands for preteen soft core, both of which are synonymous with child pornography.

8

24. When questioned by investigators about the text exchange described above with the complainant, Bour said that was just "fantasy" or "role playing". According to Bour, he would become sexually aroused describing these fantasies to others. Bour claimed he has never had sexual contact with any minors.

25. On February 15, 2013, Michigan City Police Detective (Det.) Sergeant (Sgt.) Matt Barr, a Digital Forensic Examiner, conducted a preliminary examination of the Toshiba laptop located at Bour's residence during the execution of the aforementioned search warrant. During the preliminary examination of the hard drive from the previously described Toshiba laptop computer seized during the search, Det. Sgt. Barr located numerous files containing child pornography, Three of those files are described as follows:

 a.) **(PTHC)7yo niece(private 2010)- Fuck Me.mpg** -- This movie file depicts a nude prepubescent female, between the ages of 6-8, in the seated position. The penis of an adult male is being inserted in the child's vagina. Furthermore, the following is written on the child's stomach: "Fuck Me" (with an arrow pointing to her vagina).

 b.) **(pthc)2011 7yo Elly cum in face.mpg** -- This movie file depicts a nude prepubescent female, between the ages, of 6-8 years of age, in what appears to be a kneeling position. An adult male is masturbating with his penis in very close proximity to the child's face. As the movie continues, the male ejaculates onto the child's face.

 c.) **(Pthc) 2011 – Heidi – I'm 7yo & Daddy fucks my ass Surely, he'll go to hell.mpg** -- This movie file depicts a prepubescent female nude from the waist down, between the ages 4-6 years old, lying on her stomach. The penis of an adult male can be seen rubbing on the child's buttocks. As the movie continues the adult male attempts to insert his penis into the child's vagina.

## PROBABLE CAUSE

26. Based on the above facts, I believe probable cause exists for the issuance of a complaint charging that between on or about January 1, 2011 and February 14, 2013, Christopher M. Bour knowingly received any visual depiction using any means or facility of interstate or foreign commerce where the production of the visual depiction involved the use of an actual minor engaging in sexually explicit conduct and such visual depiction is of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

27. I therefore respectfully request that the attached warrant be issued authorizing said complaint.

FURTHER AFFIANT SAYETH NAUGHT.

_MW C_____
Matthew W. Chicantek
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this 15th day of February, 2013.

_S/Andrew P. Rodovich_
Andrew P. Rodovich
U.S. Magistrate Judge
Northern District of Indiana

10