UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA   )
   )   Case No. 2:13 CR 00036 RL-APR
v.   )
   )
CHRISTOPHER M. BOUR   )

## MOTION FOR VICTIM RESTITUTION

Comes now the United States of America through Assistant United States Attorney Jill Koster to request that the Court enter an order requiring Defendant Christopher M. Bour (hereafter "Defendant") to pay victim restitution of $37,500 to each of Jane Doe and Jane Doe 2 pursuant to 18 U.S.C. § 2259 and *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014), and in support thereof states as follows:

1. On June 5, 2013, a superseding indictment was returned by a grand jury in this judicial district charging Defendant with purchasing Jane Doe, an infant child, knowing that, as a consequence of the purchase, she would be portrayed in a visual depiction assisting him to engage in sexually explicit conduct in violation of 18 U.S.C. § 2251A(b) (Count 2), producing child pornography featuring Jane Doe (Counts 3 and 4) and Jane Doe 2

(Count 5) in violation of 18 U.S.C. § 2251(a), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4) (Count 8). DE # 32.   A forfeiture allegation included in the superseding indictment specifically identified the residence where Defendant lived at the time of his arrest: 5190 Indiana Place in Gary, Indiana.   *Id.*, p. 9.   Due to the government's filing of a lis pendens on that property, the parties subsequently entered into an agreement that allowed for the sale of the property so long as the net proceeds – which totaled $8,803.64 – were maintained in U.S. Marshal custody pending the outcome of this prosecution.

2. On January 23, 2014, Defendant filed notice of his intent to plead guilty to all of the charges against him without the benefit of a plea agreement with the government.   DE # 47.   A change of plea hearing was then held and, on January 30, 2014, the Court accepted Defendant's guilty plea as to all counts.   DE # 50.

3. Defendant was sentenced on May 15, 2014.  DE # 67.   At the hearing, the government informed the Court that Defendant, through counsel, had agreed to pay most of the net proceeds

($8,803.64[1]) from the sale of his Gary, Indiana house to victims Jane Doe and Jane Doe 2 in restitution.  *See* DE # 66, p. 18. Although the government intended to seek more than that amount on the victims' behalf, it notified the Court, pursuant to 18 U.S.C. § 3664(d)(5), that the victims' losses were not yet ascertainable and asked the Court to set a deadline 90 days after sentencing to award restitution.  *See* DE # 67.  At that time, the government was working to have a Guardian Ad Litem appointed who could establish a bank account for the victims' benefit into which future restitution payments could be made.  *See* DE # 66, p. 18.  The Court set a restitution deadline of August 5, 2014.  DE # 67.

4. On May 21, 2014, the Superior Court of Lake County entered an order appointing attorney Geoffrey Giorgi as Guardian Ad Litem for the Estate of Minor Children Jane Doe and Jane Doe 2. Thereafter, attorney Giorgi worked with Horizon Bank to establish bank accounts for the benefit of each minor victim.  On June 19, 2014, the undersigned received confirmation that said bank accounts had been established.

---

[1] Defendant's agreement to contribute these funds was contingent upon $500 being subtracted from the total amount ($8,803.64) held by the U.S. Marshal to pay for the $100 special assessment per count that Defendant also owes.

5. Between June 23, 2014 and July 18, 2014, the undersigned participated in settlement negotiations with counsel for Defendant as well as counsel for co-Defendant, Natisha Hillard (hereafter "Hillard"). Hillard agreed to pay restitution totaling $12,500 to each of Jane Doe and Jane Doe 2 in this case (a joint motion seeking to include said restitution in Hillard's judgment will be filed shortly). On July 18, 2014, the undersigned was informed by counsel for Defendant that he would not agree to pay any additional amount of restitution. Thus, the government hereby asks the Court to order Defendant to pay restitution to the victims in the instant case.

6. That Defendant sexually abused Jane Doe on videotape and took sexually explicit photographs of Jane Doe 2 is undisputed. *See* DE # 50 (change of plea hearing), #93 (transcript of change of plea hearing). Indeed, because Defendant documented the abuse and exploitation, this Court has already witnessed it first-hand. *See* DE # 62, 89.

7. Federal law characterizes orders of restitution as "mandatory" for all offenses falling within Chapter 110 of the United States Code,

4

which includes Defendant's offenses of conviction.   18 U.S.C. §
2259(a).    Subsection (b)(1) of Section 2259 states that said
restitution orders "shall direct the defendant to pay the victim
(through the appropriate court mechanism) the full amount of the
victim's losses as determined by the [C]ourt."   Those losses can
include costs incurred by the victim for "medical services relating
to physical, psychiatric, or psychological care," among others.   18
U.S.C. § 2259(b)(3)(1).

8. Reasonable estimates of likely future costs to a victim are properly
included in restitution awards.   *See Paroline v. United States*, 134
S. Ct. 1710, 1722 (2014); *United States v. Danser*, 270 F.3d 451,
455 (7th Cir. 2001) (upholding a restitution award that included
estimated costs for future counseling); *United States v. Laney*, 189
F.3d 954, 966 (9th Cir. 1999) ("Section 2259 is phrased in generous
terms, in order to compensate the victims of sexual abuse for the
care required to address the long term affects of their abuse.");
*United States v. Pearson*, 570 F.3d 480, 487 (2nd Cir. 2009) ("[A]
restitution order pursuant to 18 U.S.C. § 2259 may include
restitution for estimated future medical expenses.").

9. Victims need not provide sworn testimony or otherwise participate in restitution proceedings. *See* 18 U.S.C. § 3664(g)(1). Under Section 2259, the term "victim" means any individual harmed as a result of a commission of a crime" and includes, in the case of minor victims, their legal guardian or a representative of their estate. *See* 18 U.S.C. § 2259(c).

10. In this case the government is asking the Court to order Defendant to pay $37,500 in restitution to each of Jane Doe and Jane Doe 2. According to the report submitted by Licensed Clinical Psychologist Myra D. West, each victim in this case is likely to need "a minimum of 5-10 years of counseling, once a week" at an average cost of $125 per session. *See* Exhibit 1, filed herewith. Five years of weekly therapy sessions at that rate adds up to $32,500 (5x52x125=$32,500). Ten years of weekly therapy sessions at that rate adds up to $65,000 (10x52x125=$65,000). Even according to Dr. West those estimates are conservative. *See* Exhibit 1, p. 2 (asking the reader to keep in mind that the victims may suffer "significant, potentially lifelong" effects from their sexual abuse and trauma and that her estimated treatment range

of 5 to 10 years "could, in fact, be much longer").   Further, those estimates do not include in-patient psychological treatment nor costs associated with outpatient treatment such as prescription drugs.   The figures also do not account for inflation. Nonetheless, the government believes it is reasonable to conclude, based upon Dr. West's report, that each victim in this case will spend a minimum of $50,000 on future psychological treatment as a result of her abuse and exploitation in this case.

11.     When more than one defendant has contributed to a victim's losses, 18 U.S.C. § 3664(h) gives the Court the option of holding them both jointly and severally liable for the full amount or "apportion[ing] liability among the defendants to reflect the [each person's] level of contribution to the victim's loss".   Because a settlement has been reached with Hillard, the government urges the Court to apportion the harm caused to the victims in this case and, for the following reasons, believes it is appropriate for Defendant to be held responsible for 75% of said harm:

a.   Bour proposed that he sexually abuse the victims and attempted to put Hillard at ease by claiming to have had a similar arrangement in the past with a woman from Illinois;

b. Bour induced Hillard, a single unemployed mother with few reliable sources of financial support, to consent to the abuse by offering to pay her cash in exchange for each abuse session;

c. Bour alone sexually abused Jane Doe and took the sexually explicit photographs of Jane Doe 2[2];

d. Bour threatened Hillard that if she did not allow the abuse to continue, he would report her to Child Protective Services and she could lose custody of her children;

e. Bour initiated most of the approximately eight abuse sessions that took place; and

f. According to a psychologist who examined Hillard, she has an IQ of 75 and due to her background and circumstances was particularly susceptible to Bour's manipulation.

12.   If the Court agrees that $50,000 is a reasonable estimate of each victim's likely future losses and that 75% of that harm should be apportioned to Defendant, the government respectfully requests that the Court enter an Order requiring Defendant to pay $37,500 in restitution to each of Jane Doe and Jane Doe 2.   As explained above, Hillard has agreed to pay each victim the remaining $12,500.

WHEREFORE, the government respectfully requests that the Court

---

[2]   Although Hillard was present in the room and held the videocamera during at least one session, she did not directly participate in the abuse.

enter an Order that includes the following or similar language setting forth a requirement that Defendant pay each victim in this case $37,500 in restitution pursuant to 18 U.S.C. § 2259:

> The Court hereby Orders Defendant to pay, forthwith, a total of $75,000 in victim restitution to the Clerk of the Court in this judicial district.   As Defendant has already agreed to pay toward this debt $8,303.64 which is currently being held by the U.S. Marshal, the Court Orders the U.S. Marshal to surrender those funds to the Clerk of the Court immediately.   The Clerk of the Court is ordered, in turn, to disburse those and any future funds received from Defendant (or on his behalf) to Jane Doe and Jane Doe 2 c/o attorney Geoffrey Giorgi at 9205 Broadway, Suite B, Merrillville, IN 46410 (Telephone:  219-738-1133).   Pursuant to his appointment by the Lake County Superior Court, attorney Geoffrey Giorgi is, in turn, directed to equally divide any and all restitution funds received in this case and to deposit those funds into Horizon Bank Account # 2627313 and/or Horizon Bank Account # 2627326, which accounts are to be maintained for the sole benefit of Jane Doe and Jane Doe 2 until this restitution obligation has been met in full and all funds collected have been disbursed to Jane Doe and Jane Doe 2, or, in the case of their early passing, to their heirs.

Respectfully submitted,

DAVID CAPP
United States Attorney

By:   */ S /   Jill Rochelle Koster*
JILL ROCHELLE KOSTER
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
(219) 937-5500

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to defense counsel of record.

By:  */ S /   Jill Rochelle Koster*
JILL ROCHELLE KOSTER
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
(219) 937-5500